**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ENRIQUE ALEJANDRO HERNANDEZ
GONZALEZ,

      Petitioner,

v.                                                                    Case No. 3:26-cv-809-WWB-PDB

WARDEN BAKER CORRECTIONAL
INSTITUTE, et al.,

      Respondents.

_____

## ORDER

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement, is proceeding on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, primarily challenging the statutory basis of his detention classification under 8 U.S.C. § 1225(b)(2), which does not entitle him to a bond hearing. (Doc. Nos. 1, 14).[1]  He also argues his detention is unlawful under the Fourth and Fifth Amendments because he claims to have been illegally detained when he was a passenger in a vehicle stopped for registration irregularity and he has a T-Visa application pending. (Doc. 14 at 8).  As relief, Petitioner seeks, among other things, immediate release or, alternatively, a bond hearing. (*Id.* at 9).

---

[1] At the Court's direction, (*see* Doc. 13), Petitioner supplemented the Petition to provide the required verification pursuant to 28 U.S.C. § 2242, (*see* Doc. 14).  Counsel docketed the supplement as an "Amended Petition."  When citing the Petition, the Court will cite the verified one (Doc. 14).

The Federal Respondents filed a Response (Doc. 9), conceding that the Eleventh Circuit Court of Appeals' "recent decision controls."  (*Id.* at 2 (citing *Hernandez Alvarez v. Warden*, --- F. 4th ---, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026))).[2]  In *Hernandez Alvarez*, the Eleventh Circuit held that "[t]he text of [8 U.S.C.] § 1225(b)(2)(A) is clear that mandatory detention applies only to . . . . arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior."  2026 WL 1243395 at *13–14.  The Federal Respondents concede that Petitioner falls into the latter category of aliens and is entitled to a bond hearing.  (*See* Doc. 9 at 2).  They request that the Court afford them up to seven days to arrange an individualized bond hearing for Petitioner. (*Id.*).

In his Reply (Doc. 12) and through a separate Motion for Temporary Restraining Order (Doc. 11), Petitioner argues the appropriate remedy is his release from detention, citing this Court's order in *Torres v. Baker*, No. 3:26-cv-334-MMH-SJH (M.D. Fla. Mar. 30, 2026).[3]  Alternatively, he argues that giving Respondents seven days to arrange a bond hearing is unreasonable, and he requests an expedited hearing within 72 hours. (*See* Doc. 11 at 2, 4; Doc. 12 at 3–4).

---

[2] The Warden of Baker Correctional Institution moves to be dismissed from this action as an improper Respondent.  (Doc. 10).

[3] In *Torres*, the Court ordered the petitioner's release because of the concern that, given *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025), an immigration judge was "likely to refuse to" hold a bond hearing even if ordered to do so.  *See* No. 3:26-cv-334-MMH-SJH, Doc. 11 at 13.  The *Torres* decision was issued before the Eleventh Circuit's *Hernandez Alvarez* opinion, which holds aliens in Petitioner's position are entitled to a bond hearing, and the Federal Respondents concede as much.  They do not maintain that immigration judges can continue to deny bond hearings under the authority of *Matter of Hurtado* under the circumstances presented here.

Considering the Eleventh Circuit's opinion in *Hernandez Alvarez* and the Federal Respondents' concession that Petitioner is entitled to a bond hearing, the Court grants Petitioner's claim that his mandatory detention without an individualized bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("**INA**").[4] However, the Court finds that seven days to arrange a bond hearing is reasonable.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. Nos. 1, 14) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[5]  Within **seven days** of the date of this Order,

---

[4] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A).  *See Arellano v. Warden, Baker Corr. Inst.,* No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)).  While the Court disagrees with the majority's opinion in *Hernandez Alvarez*, finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit.  *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent.  The issuance or non-issuance of the mandate does not affect this result.").

[5] Because the Court grants relief on Petitioner's claim under the INA, it need not address Petitioner's other claims for relief.  *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be

Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner.  If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.  The Warden's Motion to Dismiss (Doc. 10) is **DENIED**.

3.  Petitioner's Motion for Temporary Restraining Order (Doc. 11) is **DENIED as moot**.

4.  The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on May 19, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c:    Counsel of Record

---

cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

4